IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEREMIAH J. LAMBERT,

                Plaintiff,                            ORDER

     v.                                            09-cv-212-bbc

CORRECTIONAL OFFICER KUTINA,
CORRECTIONAL OFFICER RAYMER
and Nurse KOREEN FRISK,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Jeremiah Lambert is a prisoner confined at the New Lisbon Correctional Institution in New Lisbon, Wisconsin. On May 1, 2009, I granted him leave to proceed in forma pauperis on his claim that the defendants Kutina, Raymer and Frisk violated his rights under the Eighth Amendment by failing to provide him with treatment for his asthma. At the time he filed his complaint, plaintiff asked the court to appoint counsel to represent him. I denied his request in the May 1 order because plaintiff had not made a reasonable effort to find a lawyer on his own, as required by Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 1992). Now plaintiff has filed a renewed motion for appointment of counsel, to which he has attached proof that he has contacted at least three lawyers, all of whom have

1

declined to represent him. In support of his original motion, he argued that a lawyer would be better able to handle discovery and that he does not have knowledge of civil procedures.

Litigants in civil cases do not have a constitutional right to a lawyer; federal judges have discretion to determine whether appointment of counsel is appropriate in a particular case. Pruitt v. Mote, 503 F.3d 647, 654, 656 (7th Cir. 2007). They exercise that discretion by determining from the record whether the legal and factual difficulty of the case exceeds the plaintiff's demonstrated ability to prosecute it. Id. at 655.

This case is simply too new to allow the court to evaluate plaintiff's abilities. Although he may lack legal knowledge, that is not a good reason to appoint counsel, as this handicap is almost universal among pro se litigants. As this case progresses, plaintiff will improve his knowledge of court procedure. To help him, this court instructs pro se litigants at the preliminary pretrial conference about how to use discovery techniques available to all litigants so that he can gather the evidence he needs to prove his claim. In addition, pro se litigants are provided a copy of this court's procedures for filing or opposing dispositive motions and for calling witnesses, both of which were written for the very purpose of helping pro se litigants understand how these matters work.

With respect to the complexity of plaintiff's case, there is nothing in the record to suggest that it is factually or legally difficult. The law governing claims of deliberate indifference to a serious medical need is straightforward and was explained to plaintiff in the

May 1 order. Furthermore, plaintiff has personal knowledge of the circumstances surrounding the denial of medical treatment. He should be able to obtain through discovery or already possess relevant documentation he needs to prove his claim.

In sum, I am not persuaded that plaintiff's case is so complex or his skills so lacking that appointment of counsel is warranted at this time.

## ORDER

IT IS ORDERED that plaintiff renewed motion for appointment of counsel (dkt. #7) is DENIED.

Entered this 20th day of May, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3