IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEREMIAH J. LAMBERT,

        Plaintiff,                             ORDER

v.                                      09-cv-212-bbc

CORRECTIONAL OFFICER KUTINA,
CORRECTIONAL OFFICER RAYMER,
and NURSE KOREEN FRISK,

        Defendants.

---

        Plaintiff Jeremiah Lambert is proceeding on his Eighth Amendment claim that defendants failed to provide him medical care for his asthma. Now before the court is plaintiff's motion to compel defendants to comply with his first request for production of documents dated July 20, 2009. Defendants have responded to plaintiff's motion.

        First, plaintiff moves to compel defendants to provide the disciplinary records of the defendants (requested document #6) and the shift reports for December 5 and 6, 2008 that mention him (requested document #13). Defendants respond that none of the defendants have any disciplinary reports and that the shift reports do not mention plaintiff. Plaintiff requests that the defendants' personnel files and the shift reports be submitted to the court for in camera review. However, I will take defendants' word that the disciplinary reports do not exist and that the shift reports do not mention plaintiff. Plaintiff's motion to compel the productions of these documents will be denied.

Second, plaintiff requests the following documents:

    #3  B-Unit Log Book for December 5, 2008 as it relates to him

    #4 Segregation Log Book for December 5 and 6, 2008 as it relates to him

    #8 Executive Directive #56: Accessibility of Rescue Inhalers for Treatment of Asthma Attacks.

    #11 Executive Directive # 66, Medication Delivery

    #13 New Lisbon Correctional Institution Policy and Procedure 400.04, Code of Ethics

    #14 New Lisbon Correctional Institution Policy and Procedure: 400.24 Employee Work Rules

Plaintiff complains that defendants advised him that he could place a request with Jody Belonguy to review these documents, but that Belonguy has refused plaintiff's requests to do so. (Neither side explains who Belonguy is, but presumably she is a records custodian at plaintiff's prison.)  In their response brief, defendants do not deny plaintiff's version of the story and they raise no argument that the requested documents are not discoverable.  Instead, they say only that plaintiff's motion to compel is "premature" because he failed to confer with defense counsel before filing it.

Perhaps plaintiff could have avoided the need for this motion if he had contacted counsel again, but I cannot conclude that he was required to do so.  To begin with, it is questionable whether defendants may direct plaintiff to seek discovery from a third party.  Unless defendants do not have possession, custody or control of a particular document (and defendants have not suggested that is the case), it is ultimately their duty under Fed. R. Civ. P. 34 to comply with

plaintiff's requests for production. In any event, there is little point in staying plaintiff's motion now to give defendants an opportunity to figure out what happened. The documents appear relevant on their face and defendants identify no reason to deny their production. Accordingly, I will grant plaintiff's motion to compel with respect to these documents.

## ORDER

IT IS ORDERED that:

1. Plaintiff's motion to compel production of documents ## 6 and 13 is DENIED.

2. Plaintiff's motion to compel defendants to produce documents ##3, 4, 8, 11, 13 and 14 for plaintiff's review is GRANTED. Defendants shall allow plaintiff to review these documents no later than October 26, 2009.

Entered this 19th day of October, 2009.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge